THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MARISA MINISCALCO and** \*
**ANTHONY MINISCALCO,** \*
 \*
 Plaintiffs, \*
 \*  CIVIL ACTION NO. 07-CV-1198-JDB
 \*
 vs. \*
 \*
**ELI LILLY AND COMPANY,** \*
 \*
 Defendant. \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT ELI LILLY AND COMPANY'S
CONSENT MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Pursuant to FED. R. CIV. P. 15(a) and LCvR 15.1, defendant Eli Lilly and Company ("Lilly") respectfully submits its Consent Motion for Leave to File an Amended Answer. Plaintiffs consent to the granting of this motion. In support whereof, Lilly states the following:

1. Lilly's original Answer was filed and served on July 2, 2007.

2. The differences between Lilly's original Answer and its proposed Amended Answer are:

(a) Lilly's proposed Amended Answer no longer contains Affirmative Defense 31 from its original Answer;

(b) Due to typographical errors, Affirmative Defenses 33, 34 and 35 (now numbered as 32, 33 and 34), contained in Lilly's original Answer, inadvertently referred to Massachusetts state law when Lilly intended to refer to Rhode Island state law;

141488v2

(c) Lilly has added a citation to the Rhode Island statute regarding the product modification defense to its previously plead product modification defense in Affirmative Defense 27; and

(d) Lilly has added the sophisticated user doctrine to the previously plead defense regarding the learned intermediary doctrine in Affirmative Defense 5.

4. Leave to grant Lilly's motion for leave to amend is within the discretion of the Court. Lilly's motion should be granted because:

(a) plaintiffs will not be unfairly prejudiced by Lilly's Amended Answer because no discovery has occurred and no trial date has been set;

(b) the proposed amendments contain only one new defense and otherwise the amendments simply:

(1) change Lilly's assertion of which state's law applies to affirmative defenses plead in Lilly's initial Answer; or

(2) clarify the substance of Lilly's previously plead affirmative defenses;

(c) Lilly has neither previously amended its Answer, nor sought leave to do so; and

(d) leave to amend should be freely granted. *See Nurriddin v. Goldin*, 382 F.Supp.2d 79, 91 (D.D.C. 2005) (granting defendant's motion for leave to file an amended answer and stating that "amendment is to be liberally granted . . . ."); *see also,* FED. R. CIV. P. 15(a) ("leave shall be freely given when justice so requires.").

5. As required by LCvR 15.1, Lilly's proposed Amended Answer is attached hereto as Exhibit A.

141488v2

WHEREFORE, defendant Eli Lilly and Company respectfully requests that the Court issue the attached Order granting Lilly's Consent Motion for Leave to File an Amended Answer and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
600 14TH Street, NW, Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

141488v2

## LOCAL RULE 7(m) CERTIFICATION

Pursuant to Local Rule 7(m), defendant Eli Lilly and Company certifies that, through its counsel, it conferred with plaintiffs' counsel to determine whether plaintiffs oppose the relief requested in this motion. Plaintiffs' counsel indicated that plaintiffs consent to the granting of this motion.

                         /s/ John Chadwick Coots
                         **ATTORNEY FOR DEFENDANT**
                         **ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 16th day of August, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

                         /s/ John Chadwick Coots
                         **ATTORNEY FOR DEFENDANT**
                         **ELI LILLY AND COMPANY**

141488v2

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| **MARISA MINISCALCO** and<br>**ANTHONY MINISCALCO,**<br>**57 Plainfield Pike**<br>**Foster, RI 02825**<br><br>Plaintiffs,<br><br>vs.<br><br>**ELI LILLY AND COMPANY,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN  46285**<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    **CIVIL ACTION NO. 07-CV-1198-JDB** |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT ELI LILLY AND COMPANY'S
AMENDED ANSWER TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, and submits its amended answers, by like numbered paragraphs, to the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia.  Lilly also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration

("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

## COUNT I – NEGLIGENCE

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in Paragraph 3 of the Complaint.

4. Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II - STRICT LIABILITY

6. Lilly repeats and realleges its answers in Count I above.

7. Lilly denies the allegations in Paragraph 7 of the Complaint.

8. Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9. Lilly denies the allegations in Paragraph 9 of the Complaint.

10. Lilly denies the allegations in Paragraph 10 of the Complaint.

11. Lilly denies the allegations in Paragraph 11 of the Complaint.

12. Lilly denies the allegations in Paragraph 12 of the Complaint.

13. Lilly denies the allegations in Paragraph 13 of the Complaint.

141486v2

## COUNT III - BREACH OF WARRANTY

14. Lilly repeats and realleges its answers in Counts I and II above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 15 of the Complaint.

16. Lilly denies the allegations in Paragraph 16 of the Complaint.

17. Lilly denies the allegations in Paragraph 17 of the Complaint.

18. Lilly denies the allegations in Paragraph 18 of the Complaint.

## COUNT IV - MISREPRESENTATION

19. Lilly repeats and realleges its answers in Counts I, II and III above.

20. Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations in Paragraph 21 of the Complaint.

22. Lilly denies the allegations in Paragraph 22 of the Complaint.

23. Lilly denies the allegations in Paragraph 23 of the Complaint.

## COUNT V – PUNITIVE DAMAGES

24. Lilly repeats and realleges its answers in counts I, II, III and IV above. Lilly denies the allegations in Paragraph 24 of the Complaint.

141486v2

## COUNT VI – LOSS OF CONSORTIUM

25.     Lilly repeats and realleges its answers in counts I, II, III, IV and V above.

26.     Lilly is without knowledge as to the first sentence of Paragraph 26. Lilly denies the remaining allegations contained in Paragraph 26 of the Complaint. Further answering, Lilly denies that Plaintiffs are entitled to judgment of any kind against Lilly.

## AFFIRMATIVE AND OTHER DEFENSES

Lilly reserves the right to amend its Answer and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

141486v2

## FOURTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

## FIFTH DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine and/or the sophisticated user doctrine.

## SIXTH DEFENSE

Plaintiffs' claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement (Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

## SEVENTH DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

## EIGHTH DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

## NINTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

141486v2

## TENTH DEFENSE

The claims set forth in the Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiffs or to Plaintiff's mother.

## ELEVENTH DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## TWELFTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

## THIRTEENTH DEFENSE

Plaintiffs' alleged damages were not caused by any failure to warn on the part of Lilly.

## FOURTEENTH DEFENSE

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

## FIFTEENTH DEFENSE

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

## SIXTEENTH DEFENSE

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available

in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

### EIGHTEENTH DEFENSE

Plaintiffs' Complaint is defective in that Plaintiffs have failed to join indispensable parties.

### NINETEENTH DEFENSE

Plaintiffs failed to give adequate or timely notice to Lilly of any alleged breach of warranty after Plaintiffs discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

### TWENTIETH DEFENSE

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

### TWENTY-SECOND DEFENSE

There is no privity between Plaintiffs and this defendant; therefore, Plaintiffs are barred from bringing any claims in which privity is an element. Further, Plaintiffs' warranty

claims are barred because Plaintiffs did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

### TWENTY-THIRD DEFENSE

The alleged injuries to Plaintiffs are not the result of any act or omission of Lilly but, rather, result from an act of God.

### TWENTY-FOURTH DEFENSE

Any alleged injuries cause by diethylstilbestrol (which causal connection Lilly has denied and continues to deny) are not the result of any act or omission of Lilly, but rather the result of the misuse of diethylstilbestrol by Plaintiff's mother, which misuse bars the plaintiffs from any recovery against Lilly.

### TWENTY-FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### TWENTY-SIXTH DEFENSE

Lilly had no duty to warn about any possible dangers in using diethylstilbestrol that were not known at the time of manufacture and sale of the product.

### TWENTY-SEVENTH DEFENSE

Any damages sustained by Plaintiffs were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the

- 9 -

care, custody or control of Lilly, which was not reasonably expected by Lilly. Plaintiffs' claims are barred in whole or in part by the provisions of R.I. Gen. Laws § 9-1-32.

**TWENTY-EIGHTH DEFENSE**

Lilly denies any negligence or wrongdoing, denies it is liable under any theory of strict liability, and denies that diethylstilbestrol contributed to Plaintiffs' alleged injuries, losses or damages.

**TWENTY-NINTH DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect, as any diethylstilbestrol ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

**THIRTIETH DEFENSE**

Plaintiffs' product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

**THIRTY-FIRST DEFENSE**

Venue may be improper.

**THIRTY-SECOND DEFENSE**

Plaintiffs' breach of warranty claims are barred by the Uniform Commercial Code as enacted in Rhode Island.

**THIRTY-THIRD DEFENSE**

To the extent applicable, Lilly specifically asserts the defenses of comparative negligence and comparative assumption of risk. To the extent that Lilly contributed to Plaintiffs' damages, if any, then Lilly asserts the application of the Rhode Island Comparative Negligence statute, R.I. Gen. Laws § 9-20-4. In the event that Lilly is found jointly or severally liable with

141486v2

any other tortfeasor or with multiple tortfeasors, Lilly reserves its right of contribution to the extent that it has to pay more than Lilly's pro rata share of the common liability consistent with the provisions set forth in the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I. Gen. Laws § 10-6-1, *et seq.*, and other applicable law.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to punish Lilly for alleged harm to non-parties and/or persons who are not before the court. Imposition of punitive damages under such circumstances would violate Lilly's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Lilly's due process and equal protection rights under related provisions of the Rhode Island Constitution, and would be improper under the common law and public policies of the United States and State of Rhode Island. Further, plaintiffs have failed to state a claim for punitive damages against Lilly upon which relief may be granted.

### JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiffs' Complaint, Lilly prays as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

141486v2

       Respectfully submitted,

       SHOOK, HARDY & BACON, L.L.P

       <u>/s/ John Chadwick Coots</u>
       Michelle R. Mangrum, D.C. Bar No. 473634
       John Chadwick Coots, D.C. Bar No. 461979
       600 14TH Street, N.W., Suite 800
       Washington, D.C.  20005-2004
       Phone: (202) 783-8400; Fax: (202) 783-4211

       and

       David W. Brooks
       SHOOK, HARDY & BACON, L.L.P.
       2555 Grand Blvd.
       Kansas City, Missouri  64108-2613
       Phone: (816) 474-6550; Fax: (816) 421-5547

       **ATTORNEYS FOR DEFENDANT**
       **ELI LILLY AND COMPANY**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
MARISA MINISCALCO and              *
ANTHONY MINISCALCO,                *
                                   *
              Plaintiffs,          *
                                   *   CIVIL ACTION NO. 07-CV-1198-JDB
                                   *
    vs.                            *
                                   *
ELI LILLY AND COMPANY,             *
                                   *
              Defendant.           *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Consent Motion for Leave to File an Amended Answer,

IT IS HEREBY ORDERED that Eli Lilly and Company's Motion is granted;

IT IS FURTHER ORDERED that, pursuant to LCvR 15.1, Eli Lilly and Company's Amended Answer shall be deemed to have been filed and served by mail on the date of this Order.

Dated: _____, 2007      _____
                                    United States District Judge


cc:    Appended list of counsel of record

141611v1

- 2 -

## COUNSEL OF RECORD

Aaron M. Levine, Esq.
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
**Attorneys for Defendant**
**Eli Lilly and Company**

- 2 -

141611v1