UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARISA MINISCALCO and<br>ANTHONY MINISCALCO,<br>57 Plainfield Pike<br>Foster, RI 02825 | )<br>)<br>)<br>)<br>) |  |
| Plaintiffs, | )<br>) | Civil Action No. 07-1198 (JDB/AK) |
| v. | )<br>) |  |
| ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 | )<br>)<br>)<br>) |  |
| and | )<br>) |  |
| BRISTOL-MYERS SQUIBB<br>    COMPANY,<br>P.O. Box 4500<br>Princeton, NJ 08543<br>    w/s/o CT CORPORATION<br>    1025 Vermont Avenue, N.W.<br>    Washington, DC 20005 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |
| Defendants. | ) |  |

**FIRST AMENDED COMPLAINT**

1. Jurisdiction is founded upon 28 U.S.C. § 1332.

2. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiffs are citizens of the United States and residents of the State of Rhode Island.

4. Defendant Eli Lilly and Company ("Lilly") is a corporation resident and with principal place of business in the State of Indiana.

5. Defendant Bristol-Myers Squibb Company ("Squibb") is a corporation resident and with principal place of business in the State of New York.

6. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethystilbestrol ("DES") within the District of Columbia.

### COUNT I
**(Marisa Miniscalco - Negligent Failure to Warn)**

7. On or about the year 1970, during her pregnancy with Plaintiff Marisa Miniscalco, the mother of Plaintiff Marisa Miniscalco bought and ingested DES in Rhode Island. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the State of Rhode Island.

8. The DES ingested by Plaintiff Marisa Miniscalco's mother was manufactured, sold, distributed, and promoted by Defendant Lilly and/or Defendant Squibb.

9. It was the duty of Defendants to adequately warn Plaintiff Marisa Miniscalco's mother and Plaintiff Marisa Miniscalco as to the risks, safety, and efficacy of DES at the time of Plaintiff Marisa Miniscalco's *in utero* exposure to DES.

10. Defendants negligently failed to adequately warn Plaintiff Marisa Miniscalco's mother and Plaintiff Marisa Miniscalco of DES risks as to safety and efficacy of DES.

11. As a result of said negligence, Plaintiff Marisa Miniscalco was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resulting ectopic pregnancy, infertility, incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family she desired.

### COUNT II
**(Marisa Miniscalco - Negligent Failure to Test)**

12. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

13. Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

14. Defendants negligently failed to test DES in any regard as to its safety and efficacy.

15. As a result of Defendants' said negligence, Plaintiff Marisa Miniscalco was injured as aforesaid.

## COUNT II
### (Marisa Miniscalco – Strict Liability)

16. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

17. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

18. Defendants are engaged, or have been engaged, in the business of producing DES, and is, or have been, commercial manufacturers of said drug.

19. Plaintiff Marisa Miniscalco's mother purchased and ingested DES during her pregnancy with Plaintiff Marisa Miniscalco, and received and ingested DES in the same form and condition as when it left Defendant Lilly and/or Defendant Squibb's possession.

20. Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

21. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

22. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

23. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT IV
### (Marisa Miniscalco - Breach of Warranty)

24. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

25. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

26. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

27. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

28. As a direct result of the breach of warranties by the Defendants, Plaintiff Marisa Miniscalco has been injured as aforesaid.

## COUNT V
### (Marisa Miniscalco - Misrepresentation)

29. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

30. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

31. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

32. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

33. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT VI
### (Anthony Miniscalco – Loss of Consortium)

34. All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

35. Plaintiff Anthony Miniscalco is the husband of Plaintiff Marisa Miniscalco. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Anthony Miniscalco has been deprived of the love, services and affection of his wife, Marisa Miniscalco.

**WHEREFORE,** Plaintiff Marisa Miniscalco demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000) as compensatory damages and Two Million Dollars ($2,000,000) as punitive damages, and Plaintiff Anthony Miniscalco demands the sum of One Million Dollars ($1,000,000) as compensatory damages and One Million Dollars ($1,000,000) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

　　　/s/ Aaron M. Levine　　　
Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiffs