IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARISA MINISCALCO, et vir. | * |
| Plaintiffs | * |
| v. | *   Civil Action No.: 07-CV-1198 (JDB/AK) |
| ELI LILLY & COMPANY, et al. | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO FIRST AMENDED COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the First Amended Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the First Amended Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.   As to Paragraph Nos. 1, 2 and 3 of the First Amended Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in these paragraphs and, therefore, can neither admit nor deny the allegations in these paragraphs and demands strict proof thereof by the Plaintiffs.

2.   As to Paragraph 4 of the First Amended Complaint, this Defendant believes the allegations of this paragraph to be true.

3.  As to Paragraph 5 of the First Amended Complaint, this Defendant admits that it is a corporation and that its principal place of business is in the State of New York.

4.  As to Paragraph 6 of the First Amended Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

5.  As to Count I, Paragraphs 7, 8, 9, 10 and 11 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

6.  As to Count II, Paragraph 12 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 11 as fully as if they were repeated verbatim herein.

7.  As to Count II, Paragraphs 13, 14 and 15 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

8.  As to Count III (incorrectly designated as Count II – Strict Liability), Paragraph 16 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 15 as fully as if they were repeated verbatim herein.

9.  As to Count III (incorrectly designated as Count II – Strict Liability), Paragraphs 17, 19, 20, 21, 22 and 23 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

10. As to Count III (incorrectly designated as Count II – Strict Liability), Paragraph 18 of the First Amended Complaint, this Defendant admits that its predecessor had been in the business of producing or manufacturing DES.

11. As to Count IV, Paragraph 24 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 23 as fully as if they were repeated verbatim herein.

12. As to Count IV, Paragraphs 25, 26, 27 and 28 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

13. As to Count V, Paragraph 29 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 28 as fully as if they were repeated verbatim herein.

14. As to Count V, Paragraphs 30, 31, 32 and 33 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

15. As to Count VI, Paragraph 34 the First Amended Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 33 as fully as if they were repeated verbatim herein.

16. As to Count VI, Paragraph 35 of the First Amended Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiff's Complaint in the above-captioned case to which this Defendant has not specifically responded.

## SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

## THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiffs in this case.

## FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

## FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

## SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

### THIRTEENTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

### FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

### FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

### SIXTEENTH DEFENSE

The Plaintiff is barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

### SEVENTEENTH DEFENSE

Count VI of the Complaint attempts to set forth a cause of action for loss of consortium which cannot be maintained because the cause of action arose before the Plaintiffs were husband and wife.

### EIGHTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint legally sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

### NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIRST DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the First Amended Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
sgl@gdldlaw.com
***Attorneys for Defendant,***
***Bristol-Myers Squibb Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March, 2008, a copy of Bristol-Myers Squibb Company's Answer to First Amended Complaint was filed electronically and mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Jesse Weisshaar, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004; *Attorneys for Defendant Eli Lilly & Company*

/s/
Sidney G. Leech